E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552
     Facsimile: (213) 894-2927
     E-mail:   Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00338(A)-RGK |
|---|---|
| Plaintiff, | **GOVERNMENT'S NOTICE OF INTENT TO CROSS-EXAMINE DEFENDANT AND T.L. REGARDING INEXTRICABLY INTERTWINED CRIMINAL ACTIVITY** |
| v. | |
| ROBERT DANIEL RISSMAN, aka "Robert Utsler," and SIMON NGUYEN, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

//
//
//
//
//
//

California and Assistant United States Attorney Reema M. El-Amamy, hereby files its notice to cross-examine defendant and T.L. regarding inextricably intertwined criminal activity.

Dated: October 6, 2022         Respectfully submitted,

                                        E. MARTIN ESTRADA
                                      United States Attorney

                                      CHRISTOPHER D. GRIGG
                                      Assistant United States Attorney
                                      Chief, National Security Division

                                              /s/
                                      REEMA M. EL-AMAMY
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**NOTICE**

Defendants Robert Daniel Rissman ("defendant") has filed Motions to Suppress Evidence and Statements in this matter. Among the issues litigated by the parties is defendant's standing to challenge law enforcement's search of an Audi vehicle. Defendant has filed a declaration in support of his Motions. (Dkt. 42.) He claims that he was "the driver" of the vehicle but does not state under penalty of perjury that he had permission to drive the vehicle. Id. Defendant then filed a belated declaration by T.L. in which she claims that she, and not J.D.J., was the owner of the vehicle and gave permission to defendant to drive the vehicle.

The government has argued that no evidentiary hearing is needed. Putting aside the issue of defendant's standing – which is clearly questionable – there are ample reasons to deny the motions without the need for an evidentiary hearing.

Defendant, through his counsel, have made the strategic decision to request an evidentiary hearing and to subject himself and T.L. to cross-examination. The government has a good-faith belief that J.D.J. has been greenlit by defendant Rissman and others. Indeed, shortly after defendant's April 2022 arrest, defendant communicated one or more death threats to J.D.J. if he cooperated with law enforcement and provided information regarding defendant Rissman's use of the vehicle in question to law enforcement. The government maintains that, should defendant and T.L. testify, questions regarding death threats made to J.D.J. after defendant's April 2022 arrest, and communications defendant made regarding any purported cooperation J.D.J. engaged in with law enforcement are valid grounds for cross-examination.

The government gives formal notice that truthful answers to such questions on cross-examination could give rise to additional criminal charges against defendant and/or T.L.