E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552
    Facsimile: (213) 894-2927
    E-mail:    Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00338(A)-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DEFENDANT RISSMAN'S MILITARY SERVICE AND ANY MENTAL HEALTH CONDITION AT TRIAL |
| v. | |
| ROBERT DANIEL RISSMAN, aka "Robert Utsler," and SIMON NGUYEN, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorney Reema M. El-Amamy,

//
//
//
//
//
//

hereby files its Motion in Limine to Exclude Evidence of Defendant Rissman's Military Service and any Mental Health Condition at trial.

Dated: October 10, 2022          Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       CHRISTOPHER D. GRIGG
                                       Assistant United States Attorney
                                       Chief, National Security Division

                                                /s/
                                       REEMA M. EL-AMAMY
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Rissman ("defendant") is charged with 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 1349 (Conspiracy to Commit Bank Fraud); 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition); 18 U.S.C. § 1029(a)(3) (Possession of Fifteen or More Unauthorized Access Devices); and 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft). Trial is currently set for October 18, 2022.

Defendant, through his attorney, has informed the government that: (1) defendant has served in the United States military and has identified awards defendant has received; and (2) defendant is "100% disabled due to Post Traumatic Stress Disorder for his combat service in Iraq."[1]

At trial, the government anticipates that defendant may try to introduce evidence of his military service and any awards as prior "good acts" in an effort to paint himself in a more positive light in front of the jury. Defendant may try to introduce this evidence during opening statement, on cross-examination, or during his case-in-chief. This evidence is improper character evidence under Federal Rules of Evidence 404 and 405 and should be excluded.

The Supreme Court has recognized that character evidence -- particularly cumulative character evidence -- has weak probative value and great potential to confuse the issues and prejudice the jury. Michelson v. United States, 335 U.S. 469, 480, 486 (1948). The Court thus has given trial courts wide discretion to limit the presentation of character evidence. Id. at 486. Rule 404(a)(1) requires that character evidence must relate to a "pertinent trait."

---

[1] The government has received no discovery from defendant regarding any medical diagnosis.

1  Evidence that defendant received commendations or certificates of
2  appreciation or that he performed good police work or acts of heroism
3  during a war is not relevant to any pertinent trait at issue in this
4  case.  See United States v. Washington, 106 F.3d 983, 1000-01 (D.C.
5  Cir. 1997) (police officer's commendations were not admissible
6  because his performance as a police officer was neither "pertinent"
7  to nor an essential element of the charged offenses, even where the
8  government had introduced evidence of prior bad acts to prove
9  knowledge, intent, and predisposition); United States v. Nazzaro, 889
10 F.2d 1158, 1168 (1st Cir. 1989) (finding that evidence of officer's
11 prior commendations were properly excluded because "the traits which
12 they purport to show -- bravery, attention to duty, perhaps community
13 spirit -- were hardly 'pertinent' to the crimes [charged].").
14 Instead, this evidence would be offered only to demonstrate that
15 defendant is a good person and to mislead the jury into believing that
16 he could not have committed the crimes charged because of his general
17 good character.  Thus, such evidence should be excluded under Rule
18 404(a)(1).
19     Moreover, even if any purported good character traits that
20 defendant would like to highlight were relevant, the form of the
21 character evidence must be proper.  Federal Rule of Evidence 405(a)
22 sets forth the sole methods by which character evidence may be
23 introduced.  Rule 405(a) specifically states that where evidence of a
24 character trait is admissible, proof may be made in two ways: (1) by
25 testimony as to reputation; and (2) by testimony as to opinion.
26 Accordingly, if defendant wishes to introduce pertinent character
27 evidence, he must do so through reputation or opinion testimony only.
28 United States v. Camejo, 929 F.2d 610, 613 (9th Cir. 1991) (stating

that evidence of specific instances is not admissible to prove the defendant's good character); United States v. Hedgcorth, 873 F.2d 1307, 1313 (9th Cir. 1989) (stating that testimony of defendant regarding his role as government intelligence operative, offered to show that he was a "patriotic," "pro-government" individual unlikely to engage in acts of terrorism and to prove his lawful character, was properly excluded as an attempt to prove character by specific instances of conduct); United States v. Solomon, 686 F.2d 863, 874 (11th Cir. 1982) (holding that evidence of a defendant's military history is inadmissible to prove a defendant's good character, as character evidence must be in the form of opinion of reputation testimony); French v. United States, 232 F.2d 736 (5th Cir. 1956) (stating that it is not permissible to show good character of the defendant by evidence of particular and specific facts as, for example, battle citations).

Furthermore, defendant may not introduce specific instances of his purported character, although he may offer reputation or opinion testimony on the subject. United States v. Diaz, 961 F.2d 1417, 1418 (9th Cir. 1992) (stating that it was proper for defendant's character witness to testify that defendant was law-abiding but improper for the witness to testify concerning defendant's specific character as being non-prone to committing drug deals); see Michelson, 335 U.S. at 476-77 (stating that while a defendant may show a character for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible). Character evidence must also have a temporal proximity to the charged offenses to be relevant under Rule 403. Barry, 814 F.2d at 1404 (citations omitted).

If the Court permits defendant to introduce reputation or opinion testimony about his good character, the government must be allowed to

rebut such testimony with evidence of that defendant's prior bad acts. United States v. McGuire, 744 F, 2d 1197, 1204 (9th Cir. 1984) (stating that it is well-settled that "[o]nce the defendant has 'opened the door' by offering evidence as to his good character, the prosecution may rebut that evidence."). The government may do so through cross-examination of a defendant's witnesses or through its own rebuttal witnesses. For example, the government may elicit from rebuttal witnesses that the defendant has a bad character or reputation:

> The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afloat -- for it is not the man that he is, but the name that he has which is put in issue.

Michelson, 335 U.S. at 479.

Similarly, if defendant introduces such reputation or opinion testimony, the government will be entitled to cross-examine by asking about specific instances indicating contrary tendencies of defendant. Such cross-examination is proper to test whether the witness truly has knowledge of a defendant's reputation and also to determine whether that knowledge influences his or her opinion in any way. United States v. Edwards, 549 F.2d 362, 367 (5th Cir. 1981).

Finally, the government has received no discovery related to defendant's claim that he suffers from Post Traumatic Stress Disorder nor any showing from defendant how his mental health condition is relevant to the charges in this case. The government objects to any evidence related to defendant's mental health condition unless defendant provides discovery and makes an offer of proof prior to trial regarding the relevance of any mental health condition.